# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNNECTICUT

| | | |
|---|---|---|
| SONEET R. KAPILA, as Assignee, | ) | |
| | ) | |
| Plaintiff, | ) | **CASE NO.: 3:21-CV-00336** |
| | ) | |
| v. | ) | |
| | ) | |
| GEORGE B. ERENSEN, | ) | |
| | ) | |
| Defendant. | ) | **JULY 16, 2021** |
| | ) | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant George B. Erensen ("Defendant") files this Answer and Affirmative Defenses and would show as follows:

## PRELIMINARY STATEMENT

1. Denied.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. Defendant currently lacks sufficient information to admit or deny the allegations in this paragraph.

9. Denied.

10. Defendant currently lacks sufficient information to admit or deny the allegations in this paragraph.

11. Defendant currently lacks sufficient information to admit or deny the allegations in

22588021-v2

this paragraph.

## PARTIES, JURISDICTION, AND VENUE

12. The allegations in this paragraph state a legal conclusion that does not require an admission or denial. To the extent a response is required, the allegations are denied.

13. Defendant currently lacks sufficient information to admit or deny the allegations in this paragraph.

14. Defendant currently lacks sufficient information to admit or deny the allegations in this paragraph.

15. The allegations in this paragraph state a legal conclusion that does not require an admission or denial. To the extent a response is required, the allegations are denied.

16. Defendant currently lacks sufficient information to admit or deny the allegations in this paragraph.

17. Denied.

18. The allegations in this paragraph state a legal conclusion that does not require an admission or denial. To the extent a response is required, the allegations are denied.

## FACTS COMMON TO ALL COUNTS

19. Defendant currently lacks sufficient information to admit or deny the allegation in this paragraph.

20. Defendant currently lacks sufficient information to admit or deny the allegation in this paragraph.

21. Defendant currently lacks sufficient information to admit or deny the allegation in this paragraph.

22. Defendant currently lacks sufficient information to admit or deny the allegation in this paragraph.

23. Defendant currently lacks sufficient information to admit or deny the allegation in this paragraph.

24. Defendant currently lacks sufficient information to admit or deny the allegation in this paragraph.

25. Defendant currently lacks sufficient information to admit or deny the allegation in this paragraph.

26. Defendant currently lacks sufficient information to admit or deny the allegation in this paragraph.

27. Defendant currently lacks sufficient information to admit or deny the allegation in this paragraph.

28. Defendant currently lacks sufficient information to admit or deny the allegation in this paragraph.

29. Defendant currently lacks sufficient information to admit or deny the allegation in this paragraph.

30. Defendant currently lacks sufficient information to admit or deny the allegation in this paragraph.

31. Denied.

32. Denied.

33. Defendant currently lacks sufficient information to admit or deny the allegation in this paragraph.

34. Defendant currently lacks sufficient information to admit or deny the allegation in this paragraph.

35. Defendant currently lacks sufficient information to admit or deny the allegation in this paragraph.

36. Defendant currently lacks sufficient information to admit or deny the allegation in this paragraph.

37. Defendant currently lacks sufficient information to admit or deny the allegation in this paragraph.

38. Defendant currently lacks sufficient information to admit or deny the allegation in this paragraph.

39. Defendant currently lacks sufficient information to admit or deny the allegation in this paragraph.

40. Defendant currently lacks sufficient information to admit or deny the allegation in this paragraph.

41. Defendant currently lacks sufficient information to admit or deny the allegation in this paragraph.

42. Defendant currently lacks sufficient information to admit or deny the allegation in this paragraph.

43. Defendant currently lacks sufficient information to admit or deny the allegation in this paragraph.

44. Defendant currently lacks sufficient information to admit or deny the allegation in this paragraph.

45. Defendant currently lacks sufficient information to admit or deny the allegation in this paragraph.

46. Defendant currently lacks sufficient information to admit or deny the allegation in this paragraph.

47. Defendant currently lacks sufficient information to admit or deny the allegation in this paragraph.

48. Defendant currently lacks sufficient information to admit or deny the allegation in this paragraph.

49. Defendant currently lacks sufficient information to admit or deny the allegation in this paragraph.

50. Defendant currently lacks sufficient information to admit or deny the allegation in this paragraph.

51. Defendant currently lacks sufficient information to admit or deny the allegation in this paragraph.

52. Denied.

53. Defendant currently lacks sufficient information to admit or deny the allegation in this paragraph.

54. Defendant currently lacks sufficient information to admit or deny the allegation in this paragraph.

55. Defendant currently lacks sufficient information to admit or deny the allegation in this paragraph.

56. Defendant currently lacks sufficient information to admit or deny the allegation in this paragraph.

57. Defendant currently lacks sufficient information to admit or deny the allegation in this paragraph.

58. Denied.

59. Denied.

60. Defendant currently lacks sufficient information to admit or deny the allegation in this paragraph.

61. Defendant currently lacks sufficient information to admit or deny the allegation in

this paragraph.

62. Defendant currently lacks sufficient information to admit or deny the allegation in this paragraph.

63. Denied.

64. Denied

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. The allegations in this paragraph state a legal conclusion and do not require an admission or denial.

## COUNT I

82. Defendant realleges his answers as if fully stated herein.

83. Denied.

84. Denied.

85. Denied.

86. The allegations in this paragraph state a legal conclusion and do not require an admission or denial. To the extent a response is required, the allegations are denied.

87. The allegations in this paragraph state a legal conclusion and do not require an admission or denial. To the extent a response is required, the allegations are denied.

88. The allegations in this paragraph state a legal conclusion and do not require an admission or denial. To the extent a response is required, the allegations are denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. The allegations in this paragraph state a legal conclusion and do not require an admission or denial. To the extent a response is required, the allegations are denied.

## COUNT II

95. Defendant re-alleges his answers as if fully stated herein.

96. Denied.

97. Denied.

98. Denied.

99. The allegations in this paragraph state a legal conclusion and do not require an

admission or denial.   To the extent a response is required, the allegations are denied.

100.   The allegations in this paragraph state a legal conclusion and do not require an admission or denial.   To the extent a response is required, the allegations are denied.

101.   The allegations in this paragraph state a legal conclusion and do not require an admission or denial.   To the extent a response is required, the allegations are denied.

102.   Denied.

103.   Denied.

104.   Denied.

105.   Denied.

106.   Denied.

107.   Denied.

108.   Denied.

Defendant also demands a jury trial on all claims, issues, and Counts of the Complaint triable by such.

## **AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Statute of Limitations: in Count I of the Complaint, Plaintiff seeks the avoidance and recovery of alleged fraudulent transfers under Florida law and is seeking to avail himself of the one year "discovery rule" under Florida Statutes Sections 726.105(1)(a) and 726.110(1). This claim is barred by the statute of limitations. The transfers at issue here occurred in July and October of 2015. On March 14, 2019, the Plaintiff filed the petition commencing the assignment for the benefit of creditors for LSI Holdco, LLC and its subsidiaries. Nearly two years later, the Plaintiff filed the Complaint in this action. Upon information and belief, Plaintiff had access to, and using reasonable diligence would have discovered, information regarding the distributions made by LSI

Holdco, LLC to its members and how those were in turn distributed by LSI Holdco, LLC's members. The Complaint does not adequately allege, nor will the evidence establish, why Plaintiff did not "discover" the transfers at issue here prior to the expiration of the four-year statute of repose set forth in Florida Statute Section 726.110(1).

**SECOND AFFIRMATIVE DEFENSE**

Statute of Limitations: in Count II of the Complaint, Plaintiff seeks the avoidance and recovery of alleged fraudulent transfers under Delaware law. This claim is barred by the statute of limitations. Delaware's Uniform Fraudulent Transfer Act ("DUFTA") provides a three-year statute of limitations to recover distributions made by a limited liability company to its members. While DUFTA claims are generally subject to a four-year statute of limitations, 6 Del. C. § 1309, the transfers made by LSI Holdco, LLC to EFO Laser Spine Institute, Ltd., as distributions from a Delaware limited liability company to its member, are governed by the Delaware Limited Liability Company Act. 6 Del. C. § 18 et seq. The Delaware LLC Act provides that distributions made between a company and its members are subject to a three-year statute of limitations. Specifically, Section 18-607:

> Unless otherwise agreed, a member who receives a distribution from a limited liability company shall have no liability *under this chapter or other applicable law* for the amount of the distribution after the expiration of 3 years from the date of the distribution unless an action to recover the distribution from such member is commenced prior to the expiration of the said 3 year period and an adjudication of liability against such member is made in the said action.

6 Del. C. § 18-607(c) (emphasis added). Accordingly, Delaware's statute of limitations for a claim against a member who receives a distribution from a limited liability company is three years from the date of the distribution. Because the distribution from LSI Holdco, LLC to EFO Laser Spine Institute, Ltd. is barred and is not subject to avoidance, the subsequent transfer from EFO Laser Spine Institute, Ltd. to the Defendant is likewise time barred.

**THIRD AFFIRMATIVE DEFENSE**

Statute of Limitations: in Count II of the Complaint, Plaintiff seeks the avoidance and recovery of alleged fraudulent transfers under Delaware law and is seeking to avail himself of the one year "discovery rule" under DUFTA Sections 1304(1) and 1309(1). This claim is barred by the statute of limitations.  The transfers at issue here occurred in July and October of 2015. On March 14, 2019, the Plaintiff filed the petition commencing the assignment for the benefit of creditors for LSI Holdco, LLC and its subsidiaries. Nearly two years later, the Plaintiff filed the Complaint in this action. Upon information and belief, Plaintiff had access to, and using reasonable diligence would have discovered, information regarding the distributions made by LSI Holdco, LLC to its members and how those were in turn distributed by LSI Holdco, LLC's members. The Complaint does not adequately allege, nor will the evidence establish, why Plaintiff did not "discover" the transfers at issue here prior to the expiration of the four-year statute of repose set forth in DUFTA Section 1309(1).

**FOURTH AFFIRMATIVE DEFENSE**

The recovery, if any, by Plaintiff should be reduced, dollar for dollar, by the amount of capital contributed by the Defendant after the date of the transfers at issue here.

**FIFTH AFFIRMATIVE DEFENSE**

The subject transfers were accepted in good faith and for value in the form of capital contributions, pursuant to Florida Statutes Section 726.109.

**SIXTH AFFIRMATIVE DEFENSE**

The subject transfers were accepted in good faith and for value in the form of capital contributions, pursuant to DUFTA Section 1308.

**SEVENTH AFFIRMATIVE DEFENSE**

The Complaint does not adequately allege, nor will the evidence establish, that LSI Holdco, LLC made the subject transfers with the actual intent to hinder, delay, or defraud any creditor.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of laches, his having brought these claims nearly two years after his appointment as assignee, and nearly 6 years after the subject transfers. Plaintiff's lack of diligence in bringing the subject claims against Defendant have prejudiced Defendant.

**NINTH AFFIRMATIVE DEFENSE**

The subject transfers were not made with the actual intent to hinder, delay, or defraud any creditor because LSI Holdco, LLC was solvent on the date of the subject transfers and did not become insolvent thereby.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff may not obtain duplicative recovery. Plaintiff's claims in Count I are precluded or limited by Delaware law; and/or Plaintiff's claims in Count II are precluded or limited by Florida law accordingly.

Defendant reserves the right to supplement or amend his affirmative defenses.

DEFENDANT, GEORGE B. ERENSEN

By /s/ *Brian J. Wheelin*
Brian J. Wheelin (ct26823)
Robinson & Cole LLP
1055 Washington Boulevard
Stamford, CT 06901-2249
Tel. No.: (203) 462-7500
Fax No.: (203) 462-7599
E-mail: bwheelin@rc.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ *Brian J. Wheelin*
Brian J. Wheelin